UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES DARON RITTER,<br><br>                    Plaintiff,<br><br>v.<br><br>BRENT REINKE; RANDY BLADES; LT. EUGENE CLARK; JILL WHITTINGTON; RONA SIEGERT; DEBBIE RICHARDSON, SHELLY MALLET; JOSEPH P. CARDONA; TINA WILLIAMS; DR. SCOTT LOSSMAN; DR. GLEN BABICH; P.A. VALLEY; N.P. POULSEN; P.A. BISH; SGT. GREENLAND; and UNKNOWN INDIVIDUALS,<br><br>                    Defendants. | Case No. 1:13-cv-00509-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court in this civil rights matter is a Motion to Dismiss for failure to state a claim upon which relief may be granted (Dkt. 21) filed by Defendants Poulson and Seigert. Also pending are Plaintiff's Motion for Leave to Allow Second Amended Complaint (Dkt. 33) and Plaintiff's Motion for Appointment of Counsel (Dkt. 34).

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record and that oral argument is

**MEMORANDUM DECISION AND ORDER - 1**

unnecessary. *See* D. Idaho Loc. Civ. R. 7.1. Accordingly, the Court enters the following Order.

1. **Plaintiff's Motion for Leave to File Second Amended Complaint**

Plaintiff has been authorized to proceed in this case against Defendants Poulson, Siegert, Richardson, and Clark. (Dkt. 6, 16.) The Court has already determined that Plaintiff's initial Complaint should be construed together with his First Amended Complaint as the operative complaint in this case. (Dkt. 16 at 3.) Plaintiff now asks the Court to allow him to file a second amended complaint. Plaintiff has not filed a separate proposed second amended complaint, but the Court will construe the motion to amend as including the proposed amendment. So construed, the Motion will be denied.

Plaintiff has interspersed random documents among his allegations in the Motion and proposed second amended complaint. Therefore, the proposed amendment does not comply with Rule 8(a) of the Federal Rules of Civil Procedure, as it does not contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

Because Plaintiff's Motion for Leave to File Second Amended Complaint will be denied, the operative complaint in this case continues to be the combined Complaint and First Amended Complaint (Dkts. 3 & 9).

2. **Defendants Poulson and Siegert's Motion to Dismiss**

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Rule 12 motions are designed to test the pleadings, generally without reference to exhibits or evidence beyond the pleadings. Summary dismissal works slightly

**MEMORANDUM DECISION AND ORDER - 2**

differently when the plaintiff is a pro se prisoner, because the Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. § 1915A. The Court uses a liberal construction standard in the screening process.

The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir.1989).[2] Where claims appear plausible and supported by at least some particular factual allegations, the Court weighs the potential utility of requiring the prisoner to submit an amended complaint against the reality that it may be impossible for the prisoner to submit a pleading that is more detailed than the first, given that prisoners have few legal resources and that much of the evidence they need to support their claims is in the hands of jail officials. After weighing these issues, the Court at times permits claims teetering on the edge of Rule 8 standards to proceed to summary judgment—a stage of litigation where all the evidence is before the Court, and a review of the merits of the potential claims can be accomplished.

Not every questionable claim must wait to be fleshed out until summary judgment, however. The Court retains screening authority to dismiss claims at any time during the litigation under § 1915A. The Court also has the authority to seek additional information

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

[2] The 12(b)(6) authority to dismiss claims as explained in *Jackson* was expanded by the PLRA, giving courts power to dismiss such claims sua sponte and prior to service of process, as explained in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

**MEMORANDUM DECISION AND ORDER - 3**

from the parties to assess Plaintiff's claims during the screening process. The Court may exercise its discretion to require an amended complaint, a *Watson* questionnaire,[4] a *Spears* hearing,[5] or a *Martinez* report.[6]

The Court's authority to screen pro se prisoner complaints and review prison records often makes the filing of a Rule 12 motion to dismiss—which is designed to test a pleading *without* additional evidentiary support—unnecessary. *See* Fed. R. Civ. P. 12. Where judicial efficiency is served by the Court requiring the plaintiff to provide such items at the outset of the case, the Court can exercise that option.

Where defendants bring a pre-discovery motion to dismiss, the Court generally will not dismiss prisoner claims that have survived initial review, unless the defendants convincingly argue that, under a liberal construction of the pleadings, there is a lack of any cognizable legal theory or a failure to plead sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).[7]

---

[4] In *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976), the Court determined that "[t]he employment of a form questionnaire is a useful means by which the court can develop the factual basis for the prisoner's complaint."

[5] In *Spears v. McCotter*, 766 F.2d 179, 180-82 (5th Cir. 1985), the court authorized an evidentiary hearing in the nature of a Federal Rule of Civil Procedure 12(e) motion for a more definite statement. The hearings were held to supplement questionnaires sent to prisoners to elaborate on vague pleadings. The questions and answers had been considered the equivalent of a response to a 12(e) motion.

[6] In *Martinez v. Aaron*, 570 F.2d 317, 319 (10th Cir. 1978), the trial court ordered (before an answer) that the prison officials conduct an investigation of the incident to include an interrogation of those concerned, and file a report with the court, to enable the court to decide the jurisdictional issues and make a determination under section 1915(a). The Ninth Circuit approved of the use of *Martinez* reports in *In re Arizona*, 528 F.3d 652, 659 (9th Cir. 2008).

[7] *Balistreri* was abrogated on other grounds by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562-63 (2007), to the extent that *Balistreri* followed the rule that, "[a] complaint should not be dismissed under Rule 12(b) (6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support

**MEMORANDUM DECISION AND ORDER - 4**

To survive summary dismissal, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In exercising its discretion to summarily dismiss claims on its own motion or on motion of the defendants, the Court takes into consideration that, in any case, and more so in pro se cases, the law requires that plaintiffs be given an opportunity to amend their pleadings to remedy any deficiencies that were identified during screening or after a motion to dismiss has been adjudicated. *See Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002) ("It is not unreasonable that plaintiffs may seek amendment after an adverse ruling, and in the normal course district courts should freely grant leave to amend when a viable case may be presented."); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (holding that a pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment, because, although Congress's intent in requiring screening was "to curb meritless lawsuits," meritorious lawsuits should not be "swept away in the process").

Where a party submits evidence beyond the pleadings, the Court may (1) consider it as a supplement to the Complaint under its § 1915 screening authority to determine whether Plaintiff has stated or could state a claim; or (2) convert a Rule 12 motion into a Rule 56 motion for summary judgment, after giving the parties notice and an opportunity

---

of his claim which would entitle him to relief.'" 901 F.2d at 699 (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

**MEMORANDUM DECISION AND ORDER - 5**

to respond before making a ruling on the motion. Fed. R. Civ. P. 12(d). Full or limited discovery also may be warranted. Under Rule 56, where assertions of fact or objections to another party's assertion of facts are not properly supported or addressed, the Court may bring the deficiency to the attention of the parties and give them an opportunity to supplement their briefing and evidence, or may issue any other appropriate order. Fed. R. Civ. P. 56(e)(1).

Defendants Poulson and Siegert have not convinced the Court that its decisions upon screening the Complaint and First Amended Complaint were erroneous. Therefore, the Motion to Dismiss will be denied for the reasons stated in the Initial Review Order (Dkt. 6) and the Order dated January 7, 2014 (Dkt. 16).

3.   **Plaintiff's Motion for Appointment of Counsel**

Plaintiff also seeks appointment of counsel. Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*.

**MEMORANDUM DECISION AND ORDER - 6**

Plaintiff's complaint, liberally construed, states a claim upon which relief may be granted if the allegations are proven at trial. However, without more than these bare allegations, the court does not have a sufficient basis upon which to assess the merits, if any, at this point in the proceeding. The Court also finds that Plaintiff has articulated his claims sufficiently, and that the legal issues in this matter are not complex. Based on the foregoing, the Court shall deny Plaintiff's request for appointment of counsel.

Plaintiff should be aware that a federal court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(d). *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). Rather, when a Court "appoints" an attorney, it can do so only if the attorney voluntarily accepts the assignment. *Id.* The Court has no funds to pay for attorneys' fees in civil matters such as this one. Therefore, it is often difficult to find attorneys willing to work on a case without payment, especially in prisoner cases, where contact with the client is especially difficult. For these reasons, Plaintiff should continue to attempt to procure his own counsel on a contingency or other basis.

## ORDER

IT IS ORDERED:

1. Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. 33) is DENIED.

2. Plaintiff's Motion for Appointment of Counsel (Dkt. 34) is DENIED.

3. Defendants Poulson and Siegert's Motion to Dismiss (Dkt. 21) is DENIED.

4.	The Court will issue a scheduling order to govern the litigation of this case at a later date.

DATED: May 1, 2015

_____
B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER - 8**